IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES C. STECKER, JODI L. NELSON, JUDGE KARIN NOAKES, and FBI NEBRASKA/AGENT MCGOWAN,<br><br>Defendants. | 4:23CV3157<br><br>MEMORANDUM AND ORDER |

Plaintiff Brendan Welch, a non-prisoner, filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and a Motion to Appoint Counsel, Filing No. 3. Plaintiff is permitted to proceed IFP, however his motion for to appoint counsel shall be denied without prejudice to reassertion.

### I. Motion to Proceed IFP

Plaintiff filed a motion to proceed IFP, indicating he has no income, has less than $20 in his bank accounts, and has $2 in cash. Filing No. 2. On review, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

### II. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel arguing that appointment is appropriate as his case is "very complex and dangerous" and his needs counsel for his "safety and protection" and to prevent further crimes and violations of his rights from being committed.

Filing No. 3 at 1–2. Plaintiff further submits he has attempted to find counsel but has not been able to do so. *Id.* at 2–3.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's motion for appointment of counsel, Filing No. 3, is denied without prejudice.

3. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 25th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court