IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH,

    Plaintiff,

vs.

JAMES C. STECKER, JODI L. NELSON, JUDGE KARIN NOAKES, and FBI NEBRASKA/AGENT MCGOWAN,

    Defendants.

4:23CV3157

**MEMORANDUM AND ORDER**

Plaintiff Brendan Welch filed a pro se Complaint on August 23, 2023, Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 6.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds that Plaintiff's Complaint is appropriate for summary dismissal, but in lieu of dismissal the Court *sua sponte* shall grant Plaintiff leave to amend.

### I. SUMMARY OF COMPLAINT

Plaintiff brings his Complaint pursuant to both *Bivens* and 42 U.S.C. § 1983. Filing No. 1 at 3. The subject matter of this case arises from Plaintiff's allegations of Sixth, Eighth, and Ninth Amendment violations as well as violations of various criminal statutes and tort claims relating to emotional distress against: James C. Stecker, Jodi L. Nelson,

Karin Noakes, and FBI Nebraska/Agent McGowan, in their official and individual capacities. *Id.* at 2–3.

In support of his claims Plaintiff alleges:

> I was denied IFP at the hearing for the harassment protection appeal in Seward county on 8/22/2023. I was denied action and relief in the state matters; despite evidence of harassment/stalking gathered and showing a clear violation of Texas and Nebraska laws. Improper application of justice was applied by James C. Stecker, Karin Noakes; Jodi Nelson and as a result; failure to act and dereliction of duty was committed. Further; due to the failure to act by state judges as well as the FBI; the crimes continue. The torment, torture; cyberstalking; incitement of hate; incitement of lawless action, impersonation and fraud has continued without consequences; disrupting not only my peace but forcing me into business interruption and subsequently unemployment and the loss of job opportunities as a result of the actions of David Wright; his accomplices and the active conspiracy against me. David Wright committed perjury on August 3rd, 2023, and has shown signs of anti social personality disorder and pathological lying; as well as imparting false information; violating 18 USC 35. Samantha, Galen Stehlik; Glen Griffith; Aaron Goble; the members of my team; as well as other witnesses and attorneys have seen the crimes being committed.

*Id.* at 4.

As a result, Plaintiff alleges he is in "serious danger" of physical harm, has become physically ill, and has suffered a loss of income and damage to his business. *Id.* at 5. He seeks $300,000 in damages from Defendants and injunctive relief against non-parties. *Id*.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff brings his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Filing No. 1 at 3. For the reasons set forth below, his claims under either basis cannot proceed as currently pleaded.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "An action under *Bivens* is almost identical to an action under section

1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, Plaintiff's claims may be considered together. *Id.*

Here, as an initial matter, Plaintiff names James C. Stecker, Jodi L. Nelson, Karin Noakes, and FBI Nebraska/Agent McGowan as Defendants. While it appears jurisdiction is appropriate under *Bivens* as to defendant McGowan as he is named as a Federal Bureau of Investigations agent, the Complaint contains no allegations that any of the other defendants are federal or state government officials or were acting under color of federal law. Put another way, Plaintiff does not substantively state Mr. Stecker, Ms. Nelson, or Ms. Noakes' involvement in the case, their official title, or any other allegation which would allow this Court to determine if they are state or government officials or otherwise acting under color or law during the events complained of. As such, as pleaded, James C. Stecker, Jodi L. Nelson, and Karin Noakes are not proper parties to any § 1983 or *Bivens* action and must be dismissed from the case.

Moreover, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, as pleaded Plaintiffs' Complaint fails to meet this minimal pleading standard. For example, Plaintiff alleges each defendant "failed to act on consideration of the crimes committed against [him]," Filing No. 1 at 4, but the Court is unable to ascertain any

4

connection between that general allegation and which Defendant or Defendants were involved in the alleged violation, nor can it be determined how or when any alleged violative incident took place, or any detail of the resulting harm.  To reiterate, the Court is unable to determine which of the named Defendants were involved in any of Plaintiff's claims because Plaintiff does not allege any specific violations or connect the alleged violations with specific Defendants, nor does he connect the specific relief sought with any of the named Defendants.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against each of the Defendants.  *Plaintiff should be mindful to clearly explain why each of the Defendants meet the required "color of law" standard, as well as what each Defendant did to him, when each Defendant did it, how each Defendant's actions harmed him, and what specific legal rights Plaintiff believes each Defendant violated.  Put another way, the Court cannot guess as to what each Defendant did and when, therefore, Plaintiff should set forth factual allegations that establish who Defendants James C. Stecker, Jodi L. Nelson, Karin Noakes, and FBI Nebraska/Agent McGowan are, when and how they were involved with Plaintiff, and what claims Plaintiff alleges against each of them.*

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against all Defendants will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

5

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to either file an amended complaint that alleges a jurisdictional basis for this Court to retain this case against defendants James C. Stecker, Jodi L. Nelson, and Karin Noakes or to voluntarily dismiss them from the case.

2. If Plaintiff decides to proceed and file an amended complaint he must: Clearly state a claim or claims upon which relief may be granted against any and all named defendants in accordance with this Memorandum and Order. **Plaintiff is warned that an amended complaint will supersede, not supplement, the previously filed Complaint and Supplement. Plaintiff must include all of the claims he wishes to pursue against all of individuals named as defendants in this case that he wishes to proceed against in his amended complaint, without relying upon or incorporating by reference any allegations made in the original complaints. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him.**

3. If Plaintiff fails to file an amended complaint or otherwise respond to this order, Plaintiff's claims against all Defendants will be dismissed without prejudice and without further notice.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 6, 2023:** Check for amended complaint.

Dated this 5th day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge