IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, | |
| Plaintiff, | 4:23CV3157 |
| vs. | |
| JAMES C. STECKER, JODI L. NELSON, JUDGE KARIN NOAKES, and FBI NEBRASKA/AGENT MCGOWAN, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Brendan Welch ("Plaintiff"), a non-prisoner proceeding without payment of fees,[1] filed a pro se Complaint on August 23, 2023. Filing No. 1. In response to this Court's initial review notifying Plaintiff that he must file an amended complaint due to multiple pleading deficiencies, *see* Filing No. 7, Plaintiff filed an amended complaint which he later supplemented (collectively the "Amended Complaint"), *see* Filing Nos. 16 and 17.

The Court now conducts an initial review of Plaintiff's pro se Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e),[2] and finds that Plaintiff's Amended Complaint fails to state any claims upon which relief may be granted and shall be dismissed without prejudice.

As an initial matter, Plaintiff brings his claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Filing No. 16 at 4. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a

---

[1] Plaintiff was granted leave to proceed in forma pauperis. Filing No. 6.

[2] This Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). A complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "An action under *Bivens* is almost identical to an action under [S]ection 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Plaintiff names county judicial officers Rodney Reuter ("Judge Reuter") in both his individual and official capacity as County Court Judge for Lancaster County, Matthew O. Mellor ("Judge Mellor") in both his individual and official capacity as District Court Judge for Lancaster County, James C. Stecker ("Judge Stecker") in both his individual and official capacity as District Court Judge for Seward County, Jodi L. Nelson ("Judge Nelson") in both her individual and official capacity as District Court Judge for Lancaster County, and Karin L. Noakes ("Judge Noakes") in both her individual and official capacity as District Court Judge for Greeley County, as well as FBI agent McGowan in his individual and official capacity.[3] The Amended Complaint contains no allegations that Judges Reuter, Mellor, Stecker, Nelson, and Noakes are federal government officials or were acting under color of federal law. As such, any *Bivens* claim against Judges Reuter, Mellor, Stecker, Nelson, and Noakes must fail. As FBI agent McGowan is a federal officer, any Section 1983 claims against him also must fail.

However, Plaintiff's Section 1983 claims against Judges Reuter, Mellor, Stecker, Nelson, and Noakes must be dismissed as they arise wholly from actions each performed

---

[3] It appears Plaintiff may also have intended to proceed against four unnamed FBI agents, *see* Filing No. 16 at 6, but does not name them as individual defendants. Ultimately, even had Plaintiff formally named the four unnamed FBI agents as defendants, his claims against them would be dismissed for the same reasons the claims against McGowan must also be dismissed as discussed *infra*.

2

in cases they presided over, and for which they are immune from suit. For example, Plaintiff alleges Judge Reuter "issued multiple unconstitutional and unjust orders," Judge Mellor has "ignored [Plaintiff's] motions" causing delays in Plaintiff's case or cases before him and failed to issue injunctions or otherwise "help" him, and Judge Stecker also issued multiple unconstitutional orders and denied Plaintiff's motion for reconsideration. *See* Filing No. 16 at 4–6, and Filing No. 17 at 4, 7. As Plaintiff's allegations against Judges Reuter, Mellor, Stecker, Nelson, and Noakes relate wholly to actions taken by each judge while he or she had jurisdiction over Plaintiff, Judges Reuter, Mellor, Stecker, Nelson, and Noakes are absolutely immune from suit here. *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.")). And, as Judges Reuter, Mellor, Stecker, Nelson, and Noakes are immune from suit, they must be dismissed from this action.

Plaintiff's remaining claims are brought against FBI agent McGowan in his individual and official capacity. As the same analysis utilized under Section 1983 applies to *Bivens* claims, *see Sellers ex rel. Sellers v. Baer*, 28 F.3d 895, 898-99, 902-03 (8th Cir.1994) (using the same analysis to conclude that federal and state officials' conduct was "not actionable under Bivens or § 1983"), plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color

of law, see e.g. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff alleges McGowan "did not investigate any evidence [Plaintiff] gave [him]," resulting in stalking and harassment by individual David Wright and his associates to continue. Filing No. 16 at 6. However, because Plaintiff's claims against McGowan arise from what Plaintiff contends is a failure to investigate or protect him from the alleged criminal actions of private individuals (who are the defendants in several of Plaintiff's other suits in this Court),[4] his claims against McGowan also cannot proceed. This is so as with Section 1983 complaints a plaintiff does not state a cognizable claim under *Bivens* when he alleges only that federal defendants failed to investigate or protect him from private violence. See Sellers, 28 F.3d at 898.

Plaintiff's Amended Complaint also suffers from a multitude of pleading deficiencies rendering it subject to dismissal under Federal Rule of Civil Procedure 8, including vague connections between the defendants and their alleged actions coupled with conclusory statements that violations were committed, of which Plaintiff has been warned about in many of his prior cases, see e.g. Welch v. Double 00 Shitshow, No. 8:23CV318, 2023 WL 5297287, at *3 (D. Neb. Aug. 17, 2023); Welch v. Wright, No. 4:23CV3128, 2023 WL 5287421, at *11 (D. Neb. Aug. 17, 2023); Welch v. Wooster, No. 4:24CV3038, 2025 WL 213845, at *3 (D. Neb. Jan. 16, 2025). However, because Plaintiff cannot proceed against Judges Reuter, Mellor, Stecker, Nelson, and Noakes as they are immune from suit, and Plaintiff cannot proceed against Officer McGowan as his claims against McGowan are not cognizable, allowing amendment would be futile.

---

[4] See e.g. Welch et. al. v. Wright, et. al., Case No. 4:23-cv-3128.

5

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Amended Complaint, Filing Nos. 16 and 17, is dismissed without prejudice.

2. The Court will enter a separate judgment consistent with this order.

Dated this 7th day of February, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge